UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| INTEGRATED PRODUCTION SERVICES, INC. § | § | |
| Plaintiff, | § | CIVIL ACTION NO. 6:10-CV-88-LED |
| | § | |
| v. | § | |
| | § | |
| PRODUCTION CONTROL SERVICES, INC., | § | |
| Defendant. | § | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S THIRD AMENDED COMPLAINT**

Plaintiff, Integrated Production Services, Inc., files this Third Amended Complaint, and for cause of action against Defendant Production Control Services, Inc., respectfully shows as follows:

### I.   PARTIES

1. Plaintiff Integrated Production Services, Inc. ("IPS") is a Delaware corporation with its principal place of business in Texas.

2. Defendant, Production Control Services, Inc. ("PCS") is a Delaware corporation with its principal place of business in Frederick, Colorado and doing business in Texas, including business conducted within this district at offices located in Tyler, Texas. PCS may be served with a copy of this Original Complaint by serving its registered agent for service in Texas, CT Corporation System at 350 North St. Paul Street, Dallas, Texas, 75201. PCS has been served and has appeared in this action.

### II.   NATURE OF THIS ACTION

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271, et seq.

1

### III.   JURISDICTION AND VENUE

4.   This Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. § 1338(a).

5.   PCS is subject to personal jurisdiction by virtue of its contacts with the State of Texas, and with the Eastern District of Texas in particular.  PCS voluntarily does business in this district.

6.   Venue is proper in this district under 28 U.S.C. §§ 1391 (b)-(c) and 1400(b).

### IV.   FACTS

7.   On April 13, 2004, U.S. Patent No. 6,719,060 ("the '060 patent") was duly and legally issued by the U.S. Patent and Trademark Office to Edward A. Wells for an invention relating to a plunger lift apparatus or method for artificially lifting formation liquids from hydrocarbon wells.  The '060 patent is presumed valid pursuant to 35 U.S.C. § 282.

8.   On October 22, 2002, U.S. Patent No. 6,467,541 ("the '541 patent") was duly and legally issued by the U.S. Patent and Trademark Office to Edward A. Wells for an invention relating to a plunger lift apparatus or method for artificially lifting formation liquids from hydrocarbon wells.  A reexamination certificate was issued for the '541 patent on May 26, 2009. The '541 patent is presumed valid pursuant to 35 U.S.C. § 282.

9.   On April 3, 2001, U.S. Patent No. 6,209,637 ("the '637 patent") was duly and legally issued by the U.S. Patent and Trademark Office to Edward A. Wells for an invention relating to a plunger lift apparatus or method for artificially lifting formation liquids from hydrocarbon wells.  A reexamination certificate was issued for the '637 patent on August 19, 2008. The '637 patent is presumed valid pursuant to 35 U.S.C. § 282.

10. The '060 patent, '541 patent and '637 patent each is owned by IPS. Prior to on or about December 31, 2010, such patents were owned by IPS's assignor, MGM Well Services, Inc. ("MGM"), and had been exclusively licensed by MGM to IPS.

11. Plunger lift systems have been or are being manufactured, offered for sale or sold by MGM or IPS under the name "Pacemaker Plunger." Pacemaker Plunger systems have been very successful in the market since their introduction.

### V. PATENT INFRINGEMENT CLAIMS

12. Defendant, PCS, has actual and/or constructive notice of the '060 patent, the '541 patent and/or the '637 patent.

13. PCS has been and/or is now infringing one or more claims of the '060 patent, the '541 patent and/or the '637 patent by making, using, selling, offering for sale, and/or contributing to or inducing the making, use, sale or offer for sale by others, that which is the claimed subject matter of the patent(s). Specifically, Defendant, PCS, is making, using, offering for sale and/or selling plunger lift apparatus and/or methods that fall within and/or are operated within one or more claims of the '060 patent, the '541 patent and/or the '637 patent, and/or is contributing to or inducing the sale, use or offer for sale by others of infringing plunger lift apparatus and/or methods.

14. Upon information and belief, PCS's infringing activities have been willful.

15. As a result of PCS's infringing activities, IPS has suffered actual damages in an amount to be determined at trial. Additionally, as a result of the willful and deliberate nature of PCS's infringing activities, IPS is entitled to enhanced damages and is entitled to recover attorney's fees and costs incurred in prosecuting this action. 28 U.S.C. §§ 284 – 285.

16. PCS's acts of infringement have caused irreparable harm for which there is no adequate remedy at law, and will continue to cause irreparable harm, unless PCS is preliminarily and/or permanently enjoined by this Court.

## VI.   DEMAND FOR JURY TRIAL

18. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, IPS demand trial by jury in this action of all issues so triable.

## VII.   PRAYER

Wherefore, IPS respectfully requests that this Honorable Court enter judgment against PCS, granting the following relief:

A. a preliminary and/or permanent injunction enjoining PCS, its owners, affiliates, officers, directors, managers, agents, servants, employees, trainees, and all persons in active concert or participation with PCS, from continuing to infringe the '060 patent, the '541 patent and/or the '637 patent;

B. an award of damages adequate to compensate for PCS's infringement of the '060 patent, the '541 patent and/or the '637 patent;

C. a determination that PCS's infringement of the '060 patent, the '541 patent and/or the '637 patent has been willful;

D. a determination that this case is "exceptional" under 35 U.S.C. §285, thereby entitling IPS to an award of reasonable attorneys' fees and costs incurred in prosecuting this action;

E. an award of treble damages based on the willful nature of PCS's infringement;

F. an accounting of damages resulting from PCS's infringement of the '060 patent, the '541 patent and/or the '637 patent;

G. an award of pre-judgment and post-judgment interest on all damages; and

H. such other relief as may be just and appropriate.

Respectfully submitted,

*/s C. Vernon Lawson*
C. Vernon Lawson
State Bar No. 12058150
Timothy W. Johnson
State Bar No. 24002366
Matthews, Lawson & Johnson, PLLC
2000 Bering Drive, Suite 700
Houston, Texas 77057
(713) 355-4200 (Telephone)
(713) 355-9689 (Facsimile)
Email: vlwason@matthewsfirm.com
tjohnson@matthewsfirm.com

Andy Tindel
Texas Bar No. 20054500
Provost Umphrey Law Firm, L.L.P.
112 Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile: (903) 596-0909
Email: atindel@andytindel.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on January 19, 2011.

/s C. Vernon Lawson s/
C. Vernon Lawson